# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ADAM MAHMOOD, et al. ) | |
| ) | |
| Plaintiffs, ) | Case No. 10-00621-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| GRANTHAM UNIVERSITY, INC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is the Plaintiffs' fully-briefed Motion for conditional class certification under section 216(b) of the Fair Labor Standards Act ("FLSA"). Docs. 33-34, 36, 39. For the reasons discussed herein, the Plaintiffs' Motion is GRANTED.

## Background

On June 21, 2010, the Plaintiffs filed suit against the Defendant alleging violation of the FLSA. Doc. 1. They amended their Complaint on October 6, 2010. Doc. 29. Specifically, the Plaintiffs claim that they regularly worked over 40 hours a week in their jobs as admissions representatives for the Defendant, but that management amended their time sheets to falsely reflect 40-hour weeks. Doc. 29 at 5-7. These hours were allegedly the result of being required to be at work 15 minutes before their shift began and doing work after hours for which they were not compensated. The Plaintiffs allege similar violations pertaining to each class member—specifically "all persons who were, are or will be employed by Defendant in any of [sic] nonexempt hourly employee position within three years from the commencement of this action…" *Id.* at 8. The Plaintiffs are also suing under Missouri's wage and hour laws under Rule 23, but are not seeking certification of a Rule 23 class at this time.

## Standard

In relevant part, the FLSA requires covered employers to compensate covered employees at a rate of at least 1.5 times the regular rate of pay for hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(2). Though the FLSA goes on to exempt various types of employees from its definition, the primary requirement of section 207(a) is that the employee be "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce…" *Id., Senger v. City of Aberdeen, S.D.,* 466 F.3d 670, 672-73 (8th Cir. 2006).

The FLSA creates a private right of action that may be brought by representative plaintiffs and "other employees similarly situated." 29 U.S.C. § 216(b). This differs somewhat from a Rule 23 class action because FLSA classes are inherently "opt-in." *See id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). As a consequence of this opt-in mandate, certification of an FLSA class often proceeds in two stages—certification for notice purposes and potentially decertification upon a defendant's showing that the members of the class are not similarly situated. *Ahle v. Veracity Research Co.,* 2009 WL 3103852, at *3 (D. Minn. Sept. 23, 2009). Courts apply a "fairly lenient standard"[1] to deciding conditional certification for notice and discovery purposes. *Loyd v. Ace Logistics, LLC,* 2008 WL 5211022, at *2 (W.D. Mo. Dec. 12, 2008). "Substantial allegations" of a policy that make the class members similarly situated are sufficient to allow for conditional certification. *Robertson v. LTS Mgmt. Serv., LLC,* 642 F. Supp. 2d 922, 925 (W.D. Mo. 2008).

---

[1] To name only a few examples, the initial burden has otherwise been described as "modest," "not…high," and "not rigorous." *See Kautsch v. Premier Commc'ns,* 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007), *Austin v. CUNA Mutual Insurance Society,* 232 F.R.D. 601, 605 (W.D. Wis. 2006), *Smith v. Heartland Auto. Servs., Inc.,* 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005).

**Discussion**

The Defendant offers three primary arguments in opposition to the Plaintiffs' Motion. First, it submits that the record reflects that even the named Plaintiffs are not similarly situated, preventing certification of any class. Second, it argues that in the event that the Court certifies a class, it should be limited to Admissions Representatives. Finally, the Defendant requests that the Court allow briefing on the Plaintiffs' proposed notice, rather than adopting it outright. The Court will address these arguments in turn.

**A. The Plaintiffs' Allegations Show That They Are Similarly Situated**

The Defendant argues that the Plaintiffs' claims of "off-the-clock" work should not be conditionally certified because this will inherently require individualized determinations of the work allegedly done away from work and the time cards on which these hours should allegedly appear. *See Castle v. Well Fargo Fin., Inc.,* 2008 WL 495705, at *2 (N.D. Cal. Feb. 20, 2008) (holding that the lack of an alleged policy of class wide discrimination, but rather merely alleging "deni[al of] overtime pay for 'off the clock' hours worked under a variety of different circumstances" precludes certification). In *Castle*, one plaintiff was wrongly told that he was salaried and therefore not entitled to overtime, another was told that his overtime was necessary to make sales, another was told that the system would not allow them to record more than 12 hours, etc. *Id.*[2] Similarly, in this case, the Plaintiffs are not in agreement regarding the exact circumstances of their "off-the-clock." As the Defendant notes, some chose not to give students their home phone numbers; some did. Some checked email at home; some did not, or did not respond unless it was important. The Plaintiffs who have been deposed also presented different accounts of the frequency of off-the-clock work. But the issue is not whether each class member

---

[2] It is also relevant that *Castle* dealt with an attempt to certify a nationwide class of thousands or employees, versus this case, which the Plaintiffs assert deals with "a single location, under a single, structured management hierarchy." Doc. 39 at 10.

was identically injured by an illegal policy, but rather whether they all were subject to the same policy. If the question were whether they were required to check email away from work, the disparity of the Plaintiffs' accounts would be relevant. But there is no law against requiring your employees to check their email—the problem is allegedly not paying them overtime for this and other types of off-the-clock work. On this point, the Plaintiffs have all submitted statements that their timecards were regularly modified to reflect falsely that they only worked 40 hours a week. *See* Doc. 34-1 at 4, 8, 19, 23, 27, 31, 35, 39, 44, 49. These are sufficient "substantial allegations" to allow for conditional certification.

Similar analysis applies to the claim that hourly employees were required to be at work 15 minutes before their shift began. If this policy was applied unevenly or if employees were sometimes paid for this time, that may be relevant to an argument on damages or potentially to decertify certain members of the class. But the Plaintiffs agree that they regularly worked and reported overtime hours that were removed from their timecards and for which they were not otherwise compensated.

**B. The Plaintiffs Have Met Their Burden to Represent a Class of All Hourly Employees**

Next, the Defendant argues that any class should be limited to Admissions Representatives, the job held by most of the Plaintiffs. While it is true that the Plaintiffs and others who have consented to suit worked predominantly as Admissions Representatives, some had other titles and responsibilities at various times. For example, Brian Cavataio worked as an Education Liaison for a time. Doc. 34-1 at 7. Regardless of what department they worked in, all Plaintiffs have asserted that other hourly employees were subject to the same policy of denial of overtime and timecard modification. Phyllis Quincoces has submitted a sworn statement that during her time in management, she was informed that the general policy was to modify

timecards to reflect 40 hours a week regardless of how much time an employee actually worked. *Id.* at 48. Defendants dismiss this as a basis to expand the class beyond Admissions Representatives—the employees Ms. Quincoces was being trained to supervise. But Cassandra Schwantes has sworn to similar policies being applied to her during her time as a Student Advisor. *Id.* at 27.

Finally, the Defendant also argues that the records show that these employees were paid overtime, thus negating their claims. The Court does not doubt that the Defendant can show that it has paid overtime at some point in its existence. In fact, it would be somewhat shocking were that not the case. While the Plaintiffs may have rhetorically suggested at some point that they were never paid overtime, their allegations are actually that the Defendant "routinely" modified their timecards to remove overtime. If true, the fact that the Defendant has paid some overtime is no defense. Allowing for such an inference to defeat conditional class certification would seriously undermine the efficacy of the FLSA's private right of action by only allowing collective actions when 100% of the overtime due has allegedly been withheld. Accordingly, the Court finds no basis to restrict the class to Admissions Representatives in the face of the Plaintiffs' substantial allegations—corroborated by management and employees from different departments—that similar policies were applied to all hourly employees. The following class is conditionally certified pursuant to 29 U.S.C. § 216(b):

> All individuals working as non-exempt hourly employees for Grantham University, Inc. from May 19, 2011 to the present.

**C. Some Briefing on the Form and Content of the Class Notice is Appropriate**

The Plaintiffs have submitted a proposed notice with their Motion. Doc. 34-2. The Defendant requests that it be allowed to meet and confer with class counsel to agree on a joint notice. While there is some authority suggesting that the Plaintiffs have broad discretion to

5

determine the content of the notice and that courts should rarely interfere, the Court sees no harm in requiring the parties to at least attempt to agree on a joint notice. *See King v. ITT Continental Baking Co.,* 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986). In the event that issues remain, the Court will resolve them. While the Plaintiffs' proposed notice appears relatively neutral and accurate, the Court sees potential minor issues. But, for example, use of the "Western District of Missouri" heading seems to go against the Plaintiffs' own authority—*King*—by suggesting Court approval of the notice or the merits of the case. *Id.* There is no reason why the Defendant should not be heard on this issue and others. The Court has certified the class from the date of this Order, so the Plaintiffs will not lose out on any potential claimants in the hopefully short amount of time it takes to brief this issue. Within 17 days of this Order, the parties are ordered to meet and confer and file a joint proposed notice. Any issues that remain unresolved should be outlined for the Court's ruling. In the event that no substantial agreement can be reached, the Defendant shall file its objections to the Plaintiffs' proposed notice within 17 days of the date of this Order.

**Conclusion**

The Plaintiffs have met their relatively low burden to present substantial allegations showing the propriety of conditional class certification. Given the sworn statements indicating that the policies at issue were applied to all hourly employees, there is no reason to limit this class to Admissions Representatives. Accordingly, the Plaintiffs' Motion is GRANTED as to all of Defendant's hourly, non-exempt employees dating to three years prior to the date of this Order. Plaintiffs' Counsel Brendan J. Donelon and Daniel W. Craig of Donelon, P.C., and Lewis M. Galloway of LG Law LLC are appointed class counsel. Within 17 days of the date of this Order, the parties shall file a brief outlining their joint proposed notice and remaining notice

issues.  In the alternative, if no substantial agreement can be reached, the Defendant shall file its objections to the Plaintiffs' proposed notice within 17 days.  Upon final approval of the notice, the Court will order the Defendant to provide the appropriate list of potential class members to the Plaintiffs.

**IT IS SO ORDERED**

Dated: May 19, 2011                               /s/ Greg Kays
                                                  GREG KAYS,
                                                  UNITED STATES DISTRICT JUDGE